UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE-TODAY, TODAY'S SALES LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-06994-KAW<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Re: Dkt. No. 1 |

On November 8, 2022, Plaintiff Terrance Turner filed this civil action and application to proceed *in forma pauperis*. On November 18, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*. Having reviewed the operative complaint pursuant to 28 U.S.C. § 1915, the Court REASSIGNS the case to a district judge and RECOMMENDS that the case be dismissed without prejudice for failure to state a claim.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations

1  omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to

2  "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not

3  be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal

4  citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.  DISCUSSION

Here, Plaintiff has submitted a 62-page complaint against Defendants Empire-Today, Today's Sales LLC, Best Version Media RSA, Splunk, McAfee, Intel-Security, USSOCOM, FBI, CIA, CDC, FDA, Symmetry Financial, Banker's Life, and New York Life.  (Compl. Dkt. No. 1.)

The Court finds that dismissal of the case is warranted because Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.  The complaint ostensibly lists eight causes of action but reads primarily as a manifesto against the various Defendants and society as a whole.  For example, Plaintiff brings a breach of contract claim based on "lack of capacity," asserting that Defendant Empire-Today "only hire[s] people who have lack of capacity as competent human standards of psychological eptitude [sic] are concerned.  They are not hiring smart people.  They are not hiring hygienic people.  They are only hiring people who are not going to balk at the idea of going into homes of people who don't wear masks and who spread the virus." (Compl. at 11.)  Likewise, Plaintiff brings a breach of contract claim based on anticipatory breach, which at first appears to be a misclassification claim against Defendants Symmetry Financial and Empire Today, but then veers into complaints about companies not wanting to hire smart people, claims of the use of "gay texts" "to get strong men out of business," and accusations that Defendants "Empire Today and Best Version Media are spreading the virus."  (Compl. at 16, 17, 19.)  It is also near-impossible to determine the bases of Plaintiff's claims; for example, Plaintiff brings a breach of contract claim based on indefiniteness that complains about corporate hiring practices, the failure of individuals to wear masks, the number of cars on the road, individuals going "off planet to secret cities" where "they live there for millions of years," the existence of cyborgs, tracking of thoughts through space technology, car purchase and maintenance issues, and Plaintiff's hatred of groups of certain race and/or sexual orientation.

United States District Court
Northern District of California

(Compl. at 23-33.)

Additionally, the Court finds that dismissal is warranted because many of the factual allegations are plainly frivolous. Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. In addition to assertions about cyborgs and secret cities off-planet, Plaintiff complains about CIA alien contracts with the KKK, and accuses the FBI of torturing him in a hotel room for two weeks before John D. Armentrout and Kim Harding appeared in his vehicle to tell him that they will kill Hollywood people and his mother. (Compl. at 57.)

Accordingly, the Court concludes that the complaint fails to satisfy Section 1915.

### III.   CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be DISMISSED. As it may be possible for Plaintiff to plead a focused complaint (for example, on the employment practices of Defendant Empire-Today and alleged misclassification), the Court recommends that dismissal be without prejudice.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: February 17, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3